VAIL *v.* REYNOLDS.[1]

(*Supreme Court, General Term, First Department.* January 28, 1889.)

EQUITY—REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.

The sureties on defendant's bail-bond, who had also become his sureties on appeal to the court of appeals, sought a release from the latter undertaking, as having signed it without examining its contents, led by a remark of defendant's counsel to believe that it was an undertaking for costs of the court of appeals, and, in case of affirmance there, for defendant's surrender on execution. *Held* not a mutual mistake of a material fact, such as would warrant a reformation of the instrument.

Appeal from special term, New York county.

[1]Affirming 1 N. Y. Supp. 248.

For statement of facts, see former report, 1 N. Y. Supp. 248.
Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.
*W. B. Hornblower*, for appellant.     *J. A. Deady*, for respondent.

VAN BRUNT, P. J.     Although the facts disclosed upon this application appear to present a case of great hardship to the sureties who executed the undertaking on appeal herein, this affords no reason for taking from the respondents the security upon which they relied when they received the undertaking on appeal which stayed their proceedings upon the judgments appealed from. If such security is to be set aside upon the ground that the sureties did not know what they were signing when they executed the undertaking, or that they were under an erroneous belief as to the extent of the liability created thereby, induced by their own agents or attorneys, or by the agents or attorneys of the judgment debtor, having taken no pains themselves to ascertain the extent of their liability by the slightest examination of the instrument which they are to execute, then no judgment creditor can ever be certain that his judgment is secured, although his proceedings are stayed by an undertaking in due form, and executed by responsible sureties, because his security may be taken away from him by proof of occurrences which took place when he was not present, in which he took no part, and which it is impossible for him to disprove, even if false.     The learned justice who heard this motion in the court below, in the careful opinion he has written, has met all the questions raised on this appeal, and we see no reason to differ from the conclusions arrived at by him.     The order appealed from should be affirmed, with $10 costs and disbursements, but, as there may be some doubt as to the right of the sureties to appeal to the court of appeals from the order made by this court, such affirmance should be without prejudice to the bringing of an action to set aside such undertaking.

DANIELS and BARTLETT, JJ., concur.